UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 07-CV-2720 (JFB) (WDW)
_____

NEW YORK ISLANDERS HOCKEY CLUB, L.P.,

Plaintiff,

VERSUS

HAVOC DISTRIBUTION, INC.,

Defendant.

_____

MEMORANDUM AND ORDER
June 16, 2008
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff New York Islanders Hockey Club, L.P., (hereinafter, "plaintiff" or "Islanders") brings the instant action against Havoc Distribution, Inc. (hereinafter, "defendant" or "Havoc"), alleging claims for breach of contract and unjust enrichment. Plaintiff has moved for a default judgment against defendant and defendant has moved to set aside the entry of a default, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion for a default judgment is denied and the motion to set aside the entry of the default is granted.

I. BACKGROUND

On July 5, 2007, plaintiff filed an action in the Eastern District of New York, alleging claims for breach of contract and unjust enrichment. On October 5, 2007, plaintiff moved the Court enter a default judgment against defendant. On October 24, 2007, the Clerk of the Court entered a notation of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. On October 24, 2007, the Court issued an Order to Show Cause as to why a default judgment should not be issued against the defendant. By letter dated November 1, 2007, counsel for defendant notified the Court that defendant intended to answer the lawsuit and requested additional time to respond to the Order to Show Cause. On November 2, 2007, the Court granted defendant's request for

additional time to respond. On December 19, 2007, defendant replied to the Order to Show Cause by seeking to set aside the entry of the default under Rule 55(c) of the Federal Rules of Civil Procedure, and filed an answer to the complaint. On January 4, 2008, plaintiff filed an opposition to defendant's response to the Order to Show Cause.

II. MOTION FOR DEFAULT JUDGMENT

A. Standard of Review

Federal Rule of Civil Procedure 55 sets forth the procedural steps for obtaining and vacating an entry of a default judgment. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default." Following entry of default upon the plaintiff's request, a defendant may seek to set aside the entry of default pursuant to Rule 55(c). *See, e.g., Meehan v. Snow*, 652 F.2d 274, 276 n.5 (2d Cir. 1981) ("Entering a default pursuant to Rule 55(a) and affording a defendant an opportunity to move to vacate it pursuant to Rule 55(c) is the preferable course."). If a Rule 55(c) motion is not made or is unsuccessful, and if no hearing is necessary to determine damages, a default judgment may be entered by the court or by the clerk. *Id.* at 276. Under Rule 55(c), the court may set aside an entry of default "[f]or good cause shown." Fed. R. Civ. P. 55(c). As the Second Circuit has explained, "[b]ecause Rule 55(c) does not define the term 'good cause,' we have established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (citations omitted).

Specifically, the factors to be considered in deciding whether to relieve a party of a default under Rule 55(c) are the following: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id.*; *accord Comm. Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1994). The Court is also permitted to consider relevant equitable factors, including whether failure to appear "was 'a mistake made in good-faith and whether the entry of default would bring about a harsh or unfair result.'" *Brown v. Gabbidon*, No. 06-CV-8148 (HB), 2007 U.S. Dist. LEXIS 35134, at *8 (S.D.N.Y. May 15, 2007) (quoting *Enron Oil Corp.*, 10 F.3d at 96). The Second Circuit also has noted that "[a]lthough the factors examined in deciding whether to set aside a default or a default judgment are the same, courts apply the factors more rigorously in the case of a default judgment . . . because the concepts of finality and litigation repose are more deeply implicated in the latter action." *Enron Oil Corp.*, 10 F.3d at 96 (citation omitted).

"Default judgments 'are generally disfavored and are reserved for rare occasions.'" *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (quoting *Enron Oil Corp.*, 10 F.3d at 96). Thus, "good cause" under Rule 55(c) "should be construed generously." *Enron Oil Corp.*, 10 F.3d at 96. For example, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Id.* Finally, "[t]he dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the

2

individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Enron Oil Corp.*, 10 F.3d at 95 (citing *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991); *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983)).

### B. Discussion

As set forth below, after carefully analyzing the circumstances of this case under the above-referenced standard, the Court concludes that a default judgment is unwarranted and the entry of the default should be set aside under Rule 55(c) of the Federal Rules of Civil Procedure. The Court will analyze the relevant factors in turn.

### (1) Willfulness

Defendant contends that its failure to appear in the instant action was not willful. In response, plaintiff argues that Havoc willfully avoided its responsibility to appear in the action. As discussed below, the Court finds insufficient evidence in the record to support the contention that Havoc's failure to appear was willful, as opposed to being the result of carelessness or negligence.

"'Willfulness,' in the context of a default . . . refer[s] to conduct that is more than merely negligent or careless." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (citing *Enron Oil Corp.*, 10 F.3d at 97 (failure to answer second amended complaint not willful if *pro se* defendant did not receive complaint)) (additional citations omitted); *accord Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 60 (2d Cir. 1996) (requiring "bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or a litigant's error").

According to Havoc, it contacted lawyers at its parent corporation's law firm with regard to securing counsel. Def.'s Br., ¶ 5. Havoc claims that it was unable to secure counsel because the firm required a retainer-advance that was unaffordable. *Id.*

Plaintiff argues that (1) Havoc was aware of the suit; (2) Havoc's response to the suit was to communicate with counsel for the Islanders on August 17, 2007; and (3) Havoc's claimed inability to retain counsel is belied by the fact that Mr. Vaughan is Havoc's "regular Texas outside counsel" and represented plaintiff at the time the lawsuit was filed. Pl.'s Br., at 3-6.

However, in the Affidavit of C.K. Williams, Havoc's Chief Executive Officer, explained:

> The suit posed a hardship to Havoc. When notice was received of the suit, I attempted to retain the services of New York legal counsel, but was unable to obtain an agreement because Havoc did not have funds available for a minimum retainer required by the attorneys and law firm contacted. At length, we have been able to retain our regular Texas outside general counsel, Jack Chapline Vaughan, Esq., to file a Motion to Appear pro hac vice and, if his Motion is granted, to represent us pro hac vice in New York, with the understanding that we will continue to seek to hire a New

3

> York attorney or law firm or financial and other terms we can manage.

Williams Affidavit, at 2.

The Court has considered the arguments by plaintiff on the willfulness issue and concludes that nothing submitted to the Court by plaintiff undermines Havoc's position that it was unable to obtain counsel as a result of financial difficulties and that its failure to appear was not willful. Although plaintiff contends that the explanation regarding the failure to have funds to pay an attorney demonstrates willfulness, the Court disagrees. It is entirely unclear that Mr. Williams understood, while he was attempting to retain an attorney, that the time to answer had expired and that defendant was in default. In fact, upon receiving the Court's Order to Show Cause, the defendant responded to the Order in a timely manner through its Texas counsel, thereby suggesting that it was unaware of its default status. Under the lenient standard of Rule 55(c), the Court must resolve any doubt about Havoc's willfulness in favor of Havoc. *Enron Oil Corp.*, 10 F.3d at 98.

Accordingly, given the lack of clear evidence of a willful failure to appear in this case, this factor weighs in Havoc's favor.

### (2) Prejudice to Plaintiff

The Court must also consider the extent of the prejudice that plaintiff would suffer if a default judgment were not entered. A plaintiff may demonstrate prejudice by showing that his "'ability to pursue the claim has been hindered since the entry of the judgment' or by 'the loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *Brown*, 2007 U.S. Dist. LEXIS 35134, at *10 (quoting *Farrell v. Cty. Van & Storage, Inc.*, No. 96-CV-1174 (ILG), 1996 WL 705276, at *3 (E.D.N.Y. Nov. 25, 1996)).

Plaintiff asserts it will be prejudiced because additional judgments may be brought against Havoc by other creditors and these judgments could result in a dissipation of Havoc's assets. Plaintiff cites *S.E.C. v. Breed*, No. 01 Civ. 7798 (CSH), 2004 WL 1824358, at *12 (S.D.N.Y. Aug. 13, 2004), for the proposition that potential dissipation of assets results in a finding of prejudice. Here, however, there is no evidence that the defendant is destroying documents or actively hiding assets in an attempt to subvert a future adverse judgment. Further, the court in *Breed* had already entered a judgment on behalf of plaintiff. Here, although an entry of default was entered by the Clerk of the Court, no default judgment has been granted or entered by the Court.

In short, the Court finds that plaintiff has not provided sufficient facts to establish that defendant is likely to pay additional creditors ahead of plaintiff or that additional judgments against defendant are likely to be granted. There has been no entry of a default judgment in this case and, therefore, plaintiff cannot establish any reliance on a judgment. Further, plaintiff has provided no proof that evidence has been lost as a result of the delay, or that fraud or collusion are likely to result by granting defendant's request. Accordingly, the lack of prejudice to the plaintiff militates in favor of granting Havoc's request.

4

### (3) Meritorious Defense

With regard to the meritorious defense factor of Rule 55, the Second Circuit has held:

> A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense.

*Enron Oil Corp.*, 10 F.3d at 98 (internal citations omitted); *accord McNulty*, 137 F.3d at 740; *Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf*, No. 05-CV-10098 (CSH), 2006 U.S. Dist. LEXIS 72711, at *3-*4 (S.D.N.Y. Oct. 4, 2006) ("[T]o show the meritorious defense required by a Rule 55(c) application for relief 'a defendant must go further than alleging that a defense exists. Instead, the defendant must allege specific facts that, if proved at trial, would constitute a defense to the claim asserted.'") (quoting 10 James Wm. Moore et al., *Moore's Federal Practice* § 55.50 [1] [b][ii] (3d ed. 2005)). In terms of evidence, defendant argues, with the support of the Affidavit of C.K. Williams, Havoc's Chief Executive Officer, that it will assert the following defenses:

> Although a written agreement was signed, a condition precedent understood by both parties was that the parent company of Havoc, American Enterprise Development Corporation ("AEND") raise the necessary monies to begin making the contemplated payments. Because of AEND's difficulties with reorganization and restructing and its inability to raise funds in the market, and complications with Havoc's programs some of which were blocked by the Plaintiff, Havoc was unable to secure funds of this magnitude before plaintiff proceeded ahead in wilful disregard of the condition precedent of Defendant's raising sufficient funds.
>
> Plaintiff failed to allow Defendant to promote its energy drink product (Havoc energy drink) as contemplated and in fact blocked Defendant's efforts to sell Havoc energy drink at the Coliseum.

Def.'s Response to the Order to Show Cause, ¶¶ 2, 3. At a minimum, if the defendant can demonstrate that plaintiff failed to act in good faith in implementing the contract, defendant could potentially have a defense to any alleged breach of contract. The Court concludes that the information contained within the Affidavit of C.K. Williams is sufficient at this stage of the litigation, for purposes of Rule 55, for the Court to conclude that it would be unfair to deprive Havoc of an opportunity to present its defense in court, regardless of whether it will ultimately carry the day with the jury.

### (4) Equitable Factors

Based upon the fact that Havoc has affirmed that its failure to appear was a result of its good faith failure to obtain counsel due to financial constraints and because entry of default would result in "a harsh or unfair result" by denying Havoc the opportunity to defend the action on the merits, the balance of equities also weighs heavily in favor of declining to enter a default judgment. *Altamirano v. Copaiague Funding Corp.*, No. 06-CV-1751 (PCD), 2007 U.S. Dist. LEXIS 30310, at *9 (D. Conn. Apr. 25, 2007) (holding that denial of opportunity to litigate merits of case constituted "harsh or unfair result").

In sum, as the Court finds that the Rule 55 factors and equitable considerations as a whole overwhelmingly weigh in favor of declining to enter a default judgment against Havoc, the Court denies plaintiff's motion for a default judgment and grants defendant's motion to set aside the entry of default.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion for default judgment against defendant is DENIED. The motion to set aside the entry of the default is GRANTED pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. The defendant's Answer is accepted by the Court and the parties should proceed with discovery under the direction of Magistrate Judge Wall.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: June 16, 2008
Central Islip, New York

\* \* \*

The attorney for plaintiff is Michael M. Zaitz, Esq. of Guararra & Zaitz, 100 Park Avenue, 20th Floor, New York, NY 10017. The attorney for defendant is Jack Chapline Vaughan, Esq, P.O. Box 740043, Houston Texas 77274.